IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LANE MASSINGALE, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

LIBERTY OILFIELD SERVICES LLC, a Delaware limited liability company,

Defendant

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Lane Massingale, individually and on behalf of all others similarly situated, by his attorneys, files this Class and Collective Action Complaint against Defendant, Liberty Oilfield Services LLC ("Liberty" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act) and the Colorado Minimum Wage Act, § 8-6-101, *et seq.* as implemented by the Colorado Minimum Wage Order, 7 *Colo. Code Regs.* § 1103 - 1, *et seq.* (the "Minimum Wage Act") (the Colorado statutes and regulations collectively referred to as "the Colorado Wage and Hour Laws"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

### INTRODUCTION

1. This lawsuit seeks to recover minimum wage and overtime compensation for Plaintiff and his similarly situated co-workers, hourly Operators and others with similar job duties but

different job titles ("Operators"), who work or have worked for Defendant Liberty nationwide.

2.     Liberty knowingly suffered or permitted Operators to perform work during their meal breaks without properly compensating them for this work.  Liberty also denied Operators compensated rest breaks as required by law.

3.     Operators spend their working time operating equipment, driving and loading pickup trucks that weigh 10,000 lbs. or less, rigging in and rigging out, performing on-site maintenance, reporting conditions to the site manager, and carrying out the drilling plans created by engineers.

4.     Liberty pays its Operators on an hourly basis and has them maintain a log of the hours they work.

5.     Operators typically work 80-100 hours on weeks that they are on, and never work less than 40 hours in a week.

6.     Liberty instructed its Operators to always note on their hours log that they took a 30 minute meal break without regard to whether they *actually* had a 30 minute meal break.

7.     If an Operator failed to note that he received a 30 minute meal break, he would be disciplined, including by losing his per diem.

8.     Operators almost never actually received a 30 minute meal break because they were busy performing – at the instruction of Liberty – manual labor tasks such as those identified in paragraph 3.

9.     Even though Liberty instructed its Operators to perform this work without meal breaks, and knew through its top-ranking supervisors in the field that they were performing this work without meal breaks, Liberty did not pay Operators at all for this meal break work because

Liberty paid based on the hourly logs in which Operators were made to note that they received a 30 minute meal break. In addition, Liberty failed to provide Operators compensated rest breaks.

10. Plaintiff brings this action on behalf of himself and similarly situated current and former Operators nationwide who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Liberty that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

11. Plaintiff also brings this action on behalf of himself and all similarly situated current and former Operators who worked in Colorado pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Colorado Wage and Hour Laws.

## PARTIES

12. At all times relevant, Plaintiff Massingale was a citizen of the United States, and presently resides in Winner, South Dakota.

13. From approximately January 7, 2015 to November 22, 2016, Plaintiff Massingale was employed by Defendant as an Operator in or around Henderson, Colorado; Gillette, Wyoming; and Odessa, Texas, and was not exempt from protection under the FLSA or Colorado Wage and Hour Laws for any reason.

14. Liberty is a limited liability company formed under the laws of the State of Delaware.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the FLSA claims as to form part of the same case or controversy.

16. This Court has diversity jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332.

17. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d), because the amount in controversy against Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

18. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

21. Defendant Liberty is headquartered in Denver, Colorado, and is a hydraulic fracturing services company with operations in the Permian Basin, Eagle Ford Shale, DJ Basin, Williston Basin and Powder River Basin.

22. During relevant periods, Defendant employed Plaintiff and the Class and Collective Action Members as Operators.

23. Consistent with Defendant's policy and pattern or practice, Plaintiff and the Class and Collective Action Members regularly worked through their meal breaks in weeks when they worked over 40 hours and days where they worked over 12 hours and were not paid, including overtime, in violation of the FLSA and the Colorado Wage and Hour Laws. Defendant also violated the Colorado Wage and Hour Laws by failing to provide compensated rest breaks to Plaintiff and other Operators.

24. Plaintiff believes that he routinely worked 80-100 hours per week during his on-weeks, worked over 12 hours a day, and was not paid minimum wage or overtime for the 30 minutes that he worked through his meal breaks.

25. Plaintiff believes discovery will enable him to estimate his unpaid overtime with more precision.

26. In the absence of discovery and based entirely on Plaintiff's recollection, Defendant generally scheduled Plaintiff and the Class and Collective Action Members to work two weeks on and then one week off, and they often worked 80-100 hours per week and over 12 hours per day.

27. The precise number of weeks and hours worked by Plaintiff and the Class and Collective Action Members may be able to be ascertained from Defendant's records.

28. For the duration of employment, Defendant maintained control, oversight, and discretion over the supervision of worksites, including employment practices with respect to Plaintiff and the Class and Collective Action Members.

29. Defendant is aware that Plaintiff and all members of the Class and Collective Action performed the same primary job duties during their meal breaks such as: operating equipment, driving and loading pickup trucks that weighed 10,000 lbs. or less, on-site maintenance, reporting conditions back to the site manager, and carrying out the drilling plans created by engineers.

30. Defendant is aware of the totality of work that Plaintiff and the Class and Collective Action Members performed during their meal breaks. Defendant also is aware of its failure to provide compensated rest breaks.

31. Plaintiff is personally familiar with, and was personally affected by, Defendant's rest and meal break work policies and practices. Defendant suffered or permitted Plaintiff to work

nearly 100% of his unpaid meal breaks without compensation but instructed him to log that he had always received a 30 minute meal break. From his observations of and interactions with other Operators, Plaintiff understands and believes that other Operators regularly performed meal break work without compensation, including overtime pay, and were also made to log that they had always received a 30 minute meal break.

32.  Defendant did not implement or enforce sufficient rules, systems or practices to prevent Plaintiff, the Class, and Collective from performing uncompensated meal break work. To the contrary, Defendant's common policies and practices routinely caused Plaintiff, the Class, and Collective to work through their meal breaks. Defendant's policies and practices also denied compensated rest breaks to Plaintiff and other Operators.

33.  As a result of Defendant's conduct, Plaintiff, the Class, and the Collective, regardless of their job location or supervisor, have been regularly deprived of pay owed for rest and meal break work they performed, including pay calculated at the overtime premium rate for rest and meal break work performed in workweeks when they worked more than 40 hours. As a result of its conduct, Defendant has improperly retained money that it should have paid as wages to Plaintiff and the Class and Collective for rest and meal break work. By retaining this money, Defendant has received an inequitable windfall through, among other things, reduced labor and operations costs and enhanced profit margins.

34.  Defendant established labor budgets to cover labor costs in the locations where Plaintiff, the Class, and Collective worked. The wages of Defendant's Operators were deducted from the labor budgets. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary tasks. Defendants knew or recklessly disregarded the fact that the underfunding of department labor budgets resulted in Plaintiff and

other similarly situated hourly employees being denied rest breaks and working through their meal breaks without receiving compensation for the work, including overtime compensation, which allowed Defendants to retain wages that they were not entitled to.

35. Defendant knew that Plaintiff, the Class, and the Collective, regardless of their location or supervisor, regularly missed rest breaks and performed uncompensated meal break work because Plaintiff's high-ranking supervisors regularly encouraged, instructed, suffered and permitted Plaintiff, the Class, and the Collective to perform this work, observed this work being performed on a regular basis, and yet instructed them to log that they always received their 30 minute meal breaks. Since Defendant is a substantial corporate entity aware of its obligations under the FLSA and the Colorado Wage and Hour Laws, it acted willfully or recklessly in denying pay to Plaintiff, the Class, and Collective for the work that they performed during their meal breaks. Defendant also acted willfully or recklessly in denying Plaintiff and other Operators paid rest breaks.

36. Defendant knew that Plaintiff, the Class, and the Collective, regardless of their location or supervisor, regularly performed uncompensated meal break work because they routinely engaged in meal break work on Defendants' premises, in plain sight, and at their supervisors' request. As an employer with thousands of workers, Defendant knew or recklessly disregarded the fact that the FLSA and Colorado Wage and Hour Laws required them to provide rest breaks and pay Plaintiff, the Class, and the Collective for the work that they performed during their meal breaks.

37. Defendant knew that Plaintiff, the Class, and the Collective, regardless of their location or supervisor, regularly performed uncompensated meal break work because Defendant

did not provide specially-assigned relief workers to free them from their work obligations during unpaid meal breaks.

38. Throughout the relevant period, Defendant willfully hindered Plaintiff, the Class, and the Collective from receiving compensation for the meal breaks, including by (a) instructing them to log that they always received a 30 minute meal break and (b) disciplining them, including by withholding per diem, when they did not log that they received a 30 minute meal break.

39. Defendant's unlawful conduct as described above was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, companywide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA and the Colorado Wage and Hour laws.

40. As part of their regular business practice, Defendant intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA and the Colorado Wage and Hour laws with respect to Plaintiff, the Class, and the Collective. This policy, pattern and/or practice includes, but is not limited to, the foregoing knowledge of its obligations and the kind of work that Plaintiff, the Class, and the Collective were and have been performing, and that, as a result Defendant has been:

a. willfully instructing Plaintiff, the Class, and the Collective to log that they received 30 minute meal breaks;

b. willfully denying rest breaks and compelling Plaintiff, the Class, and the Collective to perform work during their meal breaks without compensation in violation of the FLSA and the Colorado Wage and Hour laws;

c.  willfully denying Plaintiff, the Class, and the Collective overtime wages for hours they worked in excess of 40 hours per week and/or 12 hours per day from performing work during meal breaks; and

d.  willfully failing to provide enough money in location labor budgets for hourly employees to perform their duties and responsibilities, forcing the hourly employees to miss rest breaks and perform work during their meal breaks without compensation.

41. Defendant's willful violations of the FLSA and the Colorado Wage and Hour Laws are further demonstrated by the fact that during the course of the collective action period and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff, the Class and the Collective. Defendant acted recklessly or in willful disregard of the FLSA and the Colorado Wage and Hour Laws by instituting a policy and/or practice that did not allow Plaintiff to record all hours worked.

42. During the course of the collective action period, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as provided under the FLSA and the Colorado Wage and Hour Laws. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful or in reckless disregard of the Plaintiff's, Class's, and Collective's rights under the FLSA and Colorado Wage and Hour Laws.

43. Due to the foregoing, Defendant's failure to provide rest breaks and pay wages, including overtime wages, for work performed by the Plaintiff, Class, and Collective during their meal breaks was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members, as defined above.

45. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

46. Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, among other things, all such individuals worked pursuant to Defendant's above described common business policies and practices and, as a result of such policies and practices, were not paid for working through their meal breaks, including the full and legally mandated overtime premium for hours worked over 40 during the workweek.

47. Resolution of this action requires inquiry into common facts, including, among other things, Defendant's common compensation, timekeeping, and payroll practices.

48. Specifically, Defendant failed to pay the Collective Action Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104, because it failed to pay Plaintiff and the Collective Action Members at a rate of 1.5 times the regular hourly rate for hours worked in excess of 40 hours per week.

49. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records which Defendant was required to maintain pursuant to the FLSA, *see*, 29 U.S.C. § 211(c); 29 C.F.R. § 215.2 *et seq*.

50. Conditional certification of this case as a collective matter pursuant to U.S.C.

§ 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email, and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

51. There are many similarly situated current and former Operators who have not been paid proper overtime waged in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## **COLORADO CLASS ACTION ALLEGATIONS**

52. Plaintiff, on behalf of himself and all the Class Members, re-alleges and incorporates by reference the preceding paragraphs.

53. Plaintiff and all Members of the Colorado Class assert factually related claims, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

54. Defendant violated the Colorado Wage and Hour Laws because it failed to pay Plaintiff and the Colorado Class for work done through meal breaks, including overtime pay at a rate of 1.5 times their regular hourly rate for hours worked in excess of 40 hours per week and/or 12 per day. Defendant also failed to provide compensated rest breaks as required by the Colorado Wage and Hour Laws.

55. Although the precise size of the Colorado Class is unknown, Members are readily identifiable and can be located through Defendant's records.

56. Questions of law and fact common to Plaintiff and the Colorado Class that will materially advance the litigation include, without limitation:

    a. Whether Defendant employed Plaintiff and the Colorado Class Members within the

meaning of the Colorado Wage and Hour Laws;

 b. What proof of hours worked is sufficient when the employer fails in its duty to maintain time records;

 c. Whether Defendant failed to pay Plaintiff and the Colorado Class Members for all the hours they worked;

 d. Whether Defendant failed to maintain records of the hours worked by Plaintiff and the Colorado Class Members;

 e. Whether Defendant failed to pay Plaintiff and the Colorado Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek and/or 12 per day, in violation of the Colorado Wage and Hour Laws;

 f. Whether Defendant is liable for all damages claimed by Plaintiff and the Colorado Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursement, and attorneys' fees; and

 g. Whether Defendant should be enjoined from continuing to violate the Colorado Wage and Hour Laws in the future.

57. Plaintiff's claims are typical of the claims of the Members of the Colorado Class.

58. Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation

59. Class certification of Plaintiff's Colorado Wage and Hour Law claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to the Class a whole. The Members of the Colorado Class are entitled to injunctive

relief to end Defendant's common and uniform policy and practice of denying the Colorado Class the wages to which they are entitled.

60. Class certification of Plaintiff's Colorado Wage and Hour Law claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over questions affecting only individual Members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

61. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## **FIRST CLAIM FOR RELIEF**
(FAIR LABOR STANDARD ACT)

62. Plaintiff, on behalf of himself and all the Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

63. At all relevant times, Defendant employed and/or continues to employ Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

64. At all relevant times, Defendant had a policy and practice of willfully refusing to pay its Operators and all Collective Action Members the legally required amount for meal break work, including overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

65. As a result of Defendant's willful failure to compensate Plaintiff and the Collective Action Members, including at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et. seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

66. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §§ 255(a).

67. Due to Defendant's violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of 40 hours per workweek, actual and liquidated damages, including the employer's share of FICA, FUTE, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b)

## SECOND CLAIM FOR RELIEF
(COLORADO WAGE CLAIM ACT)

68. Plaintiff, on behalf of himself and all the Colorado Class Members, re-alleges and incorporates by reference the preceding paragraphs.

69. At all relevant times, Plaintiff and the Colorado Class Members were employed by Defendant within the meaning of the Wage Claim Act.

70. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff and the Colorado Class Members, within the meaning of the Wage Claim Act.

71. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the Wage Claim Act, the FLSA and the Minimum Wage Act, thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

72. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Colorado Class Members in an amount sufficient to provide compensation for all overtime hours worked and all missed rest

breaks. This demand for payment is continuing and is made on behalf of any current Liberty employees whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed address.

73. Defendant's violations of the Wage Claim Act have caused Plaintiff and the Colorado Class irreparable harm for which there is no adequate remedy at law.

74. Due to Defendant's violations of the Wage Claim Act, Plaintiff and the Colorado Class are entitled to recover from Defendant their unpaid wages, including for the legally required amount of overtime compensation for all hours worked by them in excess of forty in a workweek and/or twelve in a day, statutory penalties, actual and all other damages permitted by Colorado law, including the employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the Wage Claim Act.

**THIRD CLAIM FOR RELIEF**
(COLORADO MINIMUM WAGE ACT)

75. Plaintiff, on behalf of himself and all the Colorado Class Members, re-alleges and incorporates by reference the preceding paragraphs.

76. At all relevant times, Plaintiff and the Colorado Class Members were employed by Defendant within the meaning of the Minimum Wage Act.

77. At all relevant times, Defendant has employed, and continues to employ, "employees", including Plaintiff and the Colorado Class Members, within the meaning of the Minimum Wage Act.

78. As a result of the foregoing conduct, as alleged, Defendant has violated and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

79. Defendant's violations of the Minimum Wage Act have caused Plaintiff and the Colorado Class irreparable harm for which there is no adequate remedy at law.

80. Due to Defendant's violations of the Minimum Wage Act, Plaintiff and the Colorado Class are entitled to recover from Defendant their unpaid wages, actual and all other damages permitted by Colorado law, including the employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the Minimum Wage Act.

## **DEMAND FOR TRIAL BY JURY**

81. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

82. WHEREFORE, Plaintiff and the Class and Collective Action Members are entitled to and pray for the following relief:

    a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to similarly situated Collective Action Members apprising them of the pendency of this action, permitting them to assert timely FLSA claims on this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

    b. Certification of the Colorado Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the Members of the Colorado Class.

    c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Colorado Wage and Hour Laws;

d. An injunction requiring Defendant to cease its unlawful practices under, and comply with, the Colorado Wage and Hour Laws;

e. An award of unpaid wages for all hours worked, including hours in excess of 40 hours a week and/or 12 hours a week at a rate of time and one-half the regular rate of pay due under the FLSA and Colorado Wage and Hour Laws using the following common methodology for calculating damages: ((Annual Compensation ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

f. An award of liquidated damages, statutory penalties and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked, including in excess of 40 in a workweek and/or 12 per day at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216, and the Colorado Wage and Hour Laws;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes

h. An award of prejudgment and post judgment interest;

i. An award of costs and expense of this action together with reasonable attorneys' and expert fees; and

j. Such other relief as this Court deem just and proper.

Dated: May 19, 2017

Respectfully submitted,

*s/Brian D. Gonzales*
_____
**THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**
Brian D. Gonzales
242 Linden Street
Fort Collins, CO 80524
Tel: (970) 214-0562
BGonzales@ColoradoWageLaw.com

**MIGLIACCIO & RATHOD LLP**
Nicholas A. Migliaccio
Jason S. Rathod
412 H Street N.E., Suite 302
Washington, DC 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

**ROBERT PEIRCE & ASSOCIATES, P.C.**
D. Aaron Rihn
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
Tel: (412) 281-7229
arihn@peircelaw.com