IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01230-PAB-SKC

LANE MASSINGALE, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

LIBERTY OILFIELD SERVICES LLC, a Delaware limited liability company,

Defendant.

---

## ORDER

---

This matter comes before me on plaintiff's Motion to Approve Notice and Consent to Join Form [Docket No. 40]. Plaintiff brings this action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Colorado Wage Claim Act, Colo. Rev. Stat. § 8-4-101 *et seq.*, and the Colorado Minimum Wage Act, Colo. Rev. Stat. § 8-6-101 *et seq*. Docket No. 1 at 1. On September 24, 2018, I conditionally certified, for purposes of the FLSA claim, a collective of current and former Equipment Operators and Core Operators who worked out of defendant Liberty Oilfield Services' Gillette, Wyoming camp at any time between May 19, 2014 and the present. Docket No. 37 at 2, 10. In that order, I identified several deficiencies in plaintiff's proposed notice and directed plaintiff to file a Motion to Approve Notice and Consent to Join Form indicating the manner in which he intended to disseminate notice to putative members of the collective, along with a revised Notice and Consent to Join Form for the Court's consideration. *Id.* at 12.

Plaintiff filed his motion and revised notice on October 16, 2018. Docket No. 40. Plaintiff requests that the Court (1) approve the revised proposed notice; (2) order defendant to provide plaintiff's counsel with a list of potential collective action members, including their dates of employment and contact information; and (3) order plaintiff to disseminate notice by text, if available, email, if available, and First Class U.S. Mail to the last known telephone numbers/addresses of the putative collective members. *Id.* at 1-2. Defendant filed a response to plaintiff's motion and revised proposed notice on October 19, 2018. Docket No. 41. Defendant does not raise any new objections to the manner or content of plaintiff's proposed notice, but requests that the Court "limit the notice to a one-time distribution and instruct Plaintiff's counsel not to use Liberty's current and former employees' contact information for any purpose other than sending the one-time distribution of the notice." *Id.* at 2. Defendant contends that such an order is appropriate because plaintiff's counsel has used a class list from another case in this District "to send factually inaccurate and misleading letters on law firm letterhead." *Id.*

Because defendant provides no justification for requesting a one-time distribution, that request will be denied. As to the proposed restriction on plaintiff's counsel's communications with putative members of the collective, I agree with plaintiff that defendant has failed to show that such a restriction is warranted. "[A] district court has both the duty and the broad authority to exercise control over a [collective] action and to enter appropriate orders governing the conduct of counsel and the parties." *Shaw v. Interthinx*, No. 13-cv-01229-REB-BNB, 2014 WL 12741157, at *2 (D. Colo. Feb. 7, 2014) (internal quotation marks omitted) (quoting *Hoffmann-La Roche Inc. v.*

*Sperling*, 493 U.S. 165, 171 (1989)).  However, any "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).  Additionally, such an "order must be narrowly tailored to avoid impinging upon the parties' constitutional rights of free speech and association."  *Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1105 (D. Colo. 2013) (citing *Gulf Oil Co.*, 452 U.S. at 102)).

Parties seeking to restrict an opposing counsel's communications with putative class/collective action members "must make two showings: first, a communication has occurred or is threatened to occur and, second, the form of the communication at issue is abusive and threatens the proper functioning of the litigation."  *Bass v. Pjcomn Acquisition Corp.*, No. 09-cv-01614-REB-MEH, 2011 WL 902022, at *3 (D. Colo. Mar. 14, 2011).  Defendant has not satisfied either showing in this case.  While defendant points to another lawsuit, *Cooper v. Noble Casing, Inc.*, No. 15-cv-01907-WJM-SKC (D. Colo.), in which plaintiff's counsel purportedly used a class list to disseminate factually inaccurate and misleading letters to potential opt-in plaintiffs, Docket No. 41 at 2, neither the attorney nor the law firm primarily responsible for those letters is involved in this case.  *Id.*, Docket Nos. 85, 85-3.  Regardless, evidence of conduct occurring almost a year ago in a different case does not satisfy defendant's burden of showing that an inappropriate "communication has occurred or is threatened to occur" here.  *Bass*, 2011 WL 902022, at *3.  Accordingly, defendant's request for an order limiting plaintiff's

3

counsel's communications with potential collective members will be denied.

With regard to the form of plaintiff's Proposed Notice, Docket No. 40-1, I find that plaintiff's revisions cure the deficiencies identified in my previous order, Docket No. 37, with one exception: the third bulleted section on the first page of the Proposed Notice should read "as Operators at Liberty in the Gillette, Wyoming office" to reflect the narrowed definition of the collective. *See* Docket No. 40-1 at 1; *see also* Docket No. 37 at 10 (limiting conditional certification to "current and former Equipment Operators and Core Operators assigned to the Gillette camp"). Additionally, I note four apparent typographical errors in the Proposed Notice. On page 1, the notice states that "Your legal rights to participate in the lawsuit *is* subject to the choice that you must now make." Docket No. 40-1 at 1 (emphasis added). On page 2, the notice provides an incorrect case number. *See id.* at 2 (identifying case as Case No. 1:17-cv-01230-PAB-CBS). The correct case number is 1:17-cv-01230-PAB-SKC. On page 3, the notice states that "[t]he Court will approve the amount of any fees the attorneys receive from a settlement *of* judgment." *Id.* at 3 (emphasis added). On pages 3 and 4, the section numbering is incorrect. *See id.* at 3-4.

I otherwise find the content of the Proposed Notice and manner of distribution to be proper. It is therefore

**ORDERED** that, subject to the modifications set forth above, the proposed Notice [Docket No. 40-1] is **APPROVED**. It is further

**ORDERED** that, within twenty-one days of this order, defendant shall provide to plaintiff's counsel a list of all potential members of the collective. The list shall include

4

all available telephone numbers, U.S. Mail addresses, electronic mail addresses, and dates of employment for the potential collective action members.  It is further

**ORDERED** that, within twenty-one days after receiving this list from defendant, plaintiff shall send the Notice by First Class U.S. Mail, text (if available), and email (if available) to the last known mailing address/email address/telephone number of each of the individuals identified on the above-referenced list.  It is further

**ORDERED** that any individuals to whom the Notice is sent shall "opt-in" by returning the necessary documents to plaintiff's counsel within ninety days from the date of the Notice.  If notice is sent by U.S. Mail, the date of the Notice will be the postmark date.

DATED February 19, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge